Chief Justice Robertson
delivered the Opinion of tbeCourt;
Peewit sued Waller in trespass for taking and converting a horse.
Walker justified as a deputy sheriff — averred that he levied a fieri facias (in his hands against Prewit) on the horse — that it was subject to the execution— and that a jury, einpannelled to try the right of property, having deciaed that the horse was subject to the execution, he sold it in virtue of the process.
Prewit replied that he was, at the date of the levy, a fanner by occupation and a bona fide housekeeper, and that the horse which Walker had sold was his only '■'■work beast.”
A demurrer to the replication having been sustained, andPrewit having failed to plead over, judgment was rendered in bar of his action. To reverse tiiat judgment this writ of error is prosecuted.
If the replication had contained such averments as to show that tiie horse was exempt from execution, it would have been good; for the statute of this state regulating the trial of the right of property, under execution, applies only to a case in which a stranger to the process claims the property; and according to the common law, such a verdict ¿as that *333 set forth in the plea filled by Walker, could not have justified his sale of the horse.
that the horse levied on and sold by sheriff was his “only work beast” not good answer to justification for taking and selling in virtue of fieri facú as vs. plaintiff in trespass. It should aver that he was “an actual ionafi.de house Keeper with a family.
Harlan,"for plaintiff; Cunningham, for defendant.
But the replication does not show that Prewit had a family — and the statute of 1828 (session acts 151,) which exempts certain kinds of property from execution, declares that its provisions “shall not be construed to extend to any but actual bona fide housekeepers with a family.” Therefore the replication it insufficient.
The plea is, in our opinion, substantially good. It sufficiently avers, we think, that the horse was taken in virtue of the execution and whilst it was in full force.
Wherefore, the judgment of. the circuit court is right, and must be affirmed.